**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**<br>**10 S. Howard Street, 3rd Floor**<br>**Baltimore, Maryland 21201**<br><br>**Plaintiff,** | ) | **<u>COMPLAINT AND JURY TRIAL DEMAND</u>** |
| **v.** | ) | |
| **UNIVERSITY OF MARYLAND FACULTY PHYSICIANS, INC.,**<br>**250 W. Pratt Street, Suite 901**<br>**Baltimore, Maryland 21201**<br><br>**Defendant.** | ) | **Civil Action No.** |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments of 2008 (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Doneen King, who was adversely affected by such practices. The Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant University of Maryland Faculty Physicians, Inc. unlawfully discriminated against King by failing to reasonably accommodate her and by terminating her because of her actual disability, in violation of the ADA.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Baltimore Division.

PARTIES

3. Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4. At all relevant times, Defendant University of Maryland Faculty Physicians, Inc. has continuously been a Maryland corporation doing business in the State of Maryland and the City of Baltimore, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of

the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Doneen King filed a charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least January 2010, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide King a reasonable accommodation for her disability and discharging King because of her disability.

9. At all relevant times, King has been an individual with an actual disability as defined by the ADA.

10. King has a physical impairment, Crohn's disease.

11. As a result of her disability, King is substantially limited in major life activities and bodily functions, including but not limited to eating and digestive and bowel functions.

12. At all relevant times, King was qualified to perform the essential functions of her position.

13. King began working for Defendant in September 2009 as a Medical Practice Representative II in its Pediatrics Specialty Clinic.

14. King's job duties included answering telephone calls and scheduling appointments in the Pediatric Specialty Clinic.

15. King performed her job successfully until her discharge.

16. From December 22, 2009 through January 8, 2010, King was unable to work for

reasons related to her disability. During this time, King was admitted to the Emergency Room twice and hospitalized once.

17. King apprised Defendant of her absences in accordance with its applicable policies and practice.

18. On January 7, 2010, King informed Defendant that she had been diagnosed with Crohn's disease.

19. On January 7, 2010, King also informed Defendant that she was able to return to work on Monday, January 11, 2010.

20. On January 8, 2010, Defendant engaged in unlawful employment practices when it discharged King because of her disability.

21. In or about January 2010, Defendant engaged in unlawful employment practices when it failed to provide King with a reasonable accommodation, unpaid leave, for her disability.

22. Defendant knew of King's need for leave related to her disability, but did not engage in an interactive process. Defendant failed to provide King with leave on January 8, 2010, and penalized her for leave she had taken related to her disability.

23. Defendant has had and continues to have a Lateness and Attendance Policy which provides for progressive discipline, up to and including discharge, for all absences.

24. Defendant's policy has no exceptions for individuals with disabilities whose absences are caused by their disabilities and the policy does not have any provision for reasonable accommodation of such individuals covered under the ADA.

25. Defendant's application of its Lateness and Attendance Policy to King denied her leave as a reasonable accommodation, in violation of the ADA.

26. The effect of the practices complained of in paragraphs 8-25 above has been to deprive King of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

27. The effect of the practices complained of in paragraphs 8-25 above has been to deprive King of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of her disability.

28. The unlawful employment practices complained of in paragraphs 8-25 above were intentional.

29. The unlawful employment practices complained of in paragraphs 8-25 above were done with malice or with reckless indifference to the federally protected rights of Doneen King.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating by discharging qualified employees because of a disability or by failing to provide reasonable accommodations to individuals covered by the ADA;

B. Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its Lateness and Attendance policy to state that Defendant must make exceptions to the policy when required by the ADA as a reasonable accommodation for employees with disabilities; (ii) publicize that amendment to all present and

future employees; and (iii) adhere to the amendment;

C. Order Defendant to make whole Doneen King by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D. Order Defendant to make whole Doneen King by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

E. Order Defendant to make whole Doneen King by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

F. Order Defendant to pay Doneen King punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Philadelphia District Regional Attorney

MARIA SALACUSE (Bar No. 15562)
Supervisory Trial Attorney

TANYA L. GOLDMAN
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
(410) 209-2733 (phone)
(410) 962-4270 (fax)
Tanya.Goldman@eeoc.gov